**E-FILED**
Wednesday, 02 November, 2011  04:06:55 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TRACEY M. GRAGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  11-3175 |
| | ) | |
| PERRY J. SKAGGS, et al. | ) | |
| | ) | |
| Defendant. | ) | |

<u>OPINION</u>

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on the Motions to Dismiss filed by

Defendants Sangamon County State's Attorney (see d/e 20) the

Springfield Police Department (see d/e 23) and Plaintiff's Motions for

Summary Judgment as to Defendant Perry Skaggs (see d/e 29) and

Jeremiah Elugdibaldibo (see d/e 30).  For the reasons that follow,

Defendants' Motions to Dismiss are GRANTED and the Motions for

Summary Judgment are STRICKEN.

## BACKGROUND

Plaintiff, Tracey M. Gragg's, original Complaint (d/e 1), filed June 22, 2011, purported to allege claims under § 1983 and the Americans with Disabilities Act.  On June 27, 2011, this Court dismissed the Complaint for failure to state a claim.

On July 25, 2011, Plaintiff filed an Amended Complaint (d/e 5). The Amended Complaint, very liberally construed, alleges that Perry Skaggs sexually assaulted Plaintiff and that Jeremiah Elugdibaldibo helped cover it up.  The Amended Complaint further alleges that the Sangamon County State's Attorney refused to bring charges and the Springfield Police Department failed to investigate the allegations.  The Amended Complaint states that "the police department, State's Attorney, Jeremiah Elugdibaldibo, and Perry J. Skaggs should be Civil disciplined on neglect."

The Sangamon County State's Attorney and the Springfield Police Department have filed motions to dismiss.

On October 13, 2011, this Court raised the issue of whether

Plaintiff's husband Michael Gragg should be substituted as the real party
in interest because of an assertion in one of Plaintiff's filings with the
Court that Michael Gragg had been appointed her legal guardian.  This
Court directed either Plaintiff or Michael Gragg to provide the Court
with documentary evidence of Michael Gragg's guardianship of Plaintiff
by October 25, 2011.  See October 13, 2011 Text Order.  Michael Gragg
filed a response on October 21, 2011.  See d/e 28.  The response did not
provide the required documentary evidence of Michael Gragg's
guardianship of Plaintiff.  However, Michael Gragg has filed Motions for
Summary Judgment with respect to the claims against Skaggs and
Elugdibaldibo.

## JURISDICTION

Personal jurisdiction and venue requirements are satisfied because
the relevant acts occurred in this judicial district.  See World-Wide
Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (personal
jurisdiction exists where a defendant "purposefully avail[ed] [himself or
herself] of the privilege of conducting activities" in the forum state); see

28 U.S.C. §1391(b) (venue in non-diversity cases is proper in a judicial

district where any defendant resides, if all defendants reside in the same

State).  Because the Amended Complaint, liberally construed, arguably

alleges federal constitutional claims, the Court has subject matter

jurisdiction based on 28 U.S.C. § 1331.

## ANALYSIS

### A.  The Motions to Dismiss are Granted

To avoid dismissal for failure to state a claim, the complaint must

contain a "short and plain statement of the claim showing that the

pleader is entitled to relief."  Fed.R.Civ.P. 8(a).  That statement must be

sufficient to provide the defendant with "fair notice" of the claim and its

basis.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir.2008); Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964,

167 L.Ed.2d 929, 940 (2007).  This means that (1) "the complaint must

describe the claim in sufficient detail to give the defendant 'fair notice of

what the ... claim is and the grounds upon which it rests" and (2) its

allegations must plausibly suggest that the plaintiff has a right to relief,

raising that possibility above a "speculative level." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir.2007). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quotation marks and citations omitted).

1.  Plaintiff's Claim Against the Springfield Police Department

Plaintiff claims the Springfield Police Department failed to adequately investigate or charge Skaggs with a crime. Initially, the Court notes the police department is not a separate entity that can be sued under § 1983. Norman v. City of Evanston, 176 Fed. Appx. 666, 667 (7th Cir. 2006). The Springfield Police Department is a department of the City of Springfield and is not separately suable. See Jordan v. City of Chicago Dept. of Police, 505 F. Supp. 1, 3 (N.D. Ill. 1980). However, this problem could easily be fixed by substituting the City of Springfield as a defendant. Therefore, the Court will address the substance of the

claim.

As stated, Plaintiff's claim against the police department, i.e., the City of Springfield, is that the police department failed to adequately investigate or charge Skaggs with a crime.  There is no legal duty to do either.  See Willis v. Williams, 2010 WL 4683624, at *1 (C.D. Ill. 2010) (citing Doe v. Milwaukee County, 903 F.2d 499, (7th Cir. 1990)). Therefore, Plaintiff's claim against the City of Springfield is dismissed.

2.  Plaintiff's Claim Against the State's Attorney

Liberally construing Plaintiff's Amended Complaint, Plaintiff alleges the Sangamon County State's Attorney violated her rights under § 1983 by failing to press charges against Skaggs.  A state prosecuting attorney is absolutely immune from suit under § 1983 for those activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 427, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).  "A state's attorney's decision whether to pursue a criminal charge is such activity, and is the quintessential activity protected by the doctrine of prosecutorial immunity."  Holm v. Village of Coal City, 2007

WL 495284, at *6 (N.D. Ill. 2007) (citing <u>Imbler</u>, 424 U.S. at 425;

<u>Anderson v. Simon</u>, 217 F.3d 472, 475 (7th Cir.2000) (prosecutor's

refusal to charge a suspect is an immunized prosecutorial activity)); <u>see</u>

<u>also</u> <u>Walter v. Lyons</u>, 962 F.Supp. 126, 129 (C.D. Ill. 1997) (State's

Attorney entitled to prosecutorial immunity for decision not to

prosecute).  Therefore, Plaintiff's claim against the Sangamon County

State's Attorney's Office is dismissed.

B.  Plaintiff's Motions for Summary Judgment are Stricken

     Michael Gragg cannot file documents on behalf of Plaintiff in this

case because Michael Gragg did not file the documentary evidence of his

guardianship of Plaintiff that the Court requested in its October 13,

2011 text order.  Therefore, the Motions for Summary Judgment (d/e 29

and d/e 30) filed by Michael Gragg are stricken.

<u>SUPPLEMENTAL JURISDICTION</u>

     The Court notes that the only claims remaining in this are state

law claims against Skaggs and Elugdibaldibo.  Section 1367(a) provides

that, "in any civil action of which the district courts have original

jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." District courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Here, Plaintiff's Amended Complaint purports to allege a cause of action based § 1983, which gave this Court original jurisdiction over the case. However, the only potential federal claims in the Amended Complaint (again, giving the Amended Complaint a very liberal reading) were against the Sangamon County State's Attorney's Office and the City of Springfield (Springfield Police Department). "'[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.'" Kennedy v. Schoenberg, Fisher & Newman, Ltd., 140 F.3d 716, 727 (7th Cir. 1998) (quoting Wright v.

Associated Ins. Cos., 29 F.3d 1244, 1251 (7th Cir. 1994).  "Cases involving difficult and unresolved issues of state law may well be adjudicated more accurately and more expeditiously in a state court." Barron v. Lee Enterprises, Inc., 183 F. Supp. 2d 1077 (C.D. Ill. 2002) (citing Centres, Inc. v. Town of Brookfield, Wis., 148 F.3d 699, 704 (7th Cir. 1998).  Moreover, "respect for the state's interest in applying its own law, along with the state court's greater expertise in applying state law, are paramount concerns."  Barron, 183 F. Supp. 2d at 1089 (citing Kennedy, 140 F.3d at 728).  Based upon these considerations, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Skaggs and Elugdibaldibo.

THEREFORE, the Motions to Dismiss (d/e 20 and d/e 23) are GRANTED.  Plaintiff's Motions for Summary Judgment (d/e 29 and d/e 30) are STRICKEN.  The Court declines to exercise supplemental jurisdiction over Plaintiff's claims against Defendants Skaggs and Elugdibaldibo.  Plaintiff may refile her state law claims against Skaggs and Elugdibaldibo in state court.  This case is CLOSED.

IT IS SO ORDERED.

ENTER: November 2, 2011.

FOR THE COURT:

_____
s/ Sue E. Myerscough

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE